**PING GUI CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–1094–ag.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2009.

Michael Brown, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, David V. Bernal, Assistant Director, Jesse M. Bless, Trial Attorney, Courtney A. Henson, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, ROBERT D. SACK, and RICHARD C. WESLEY, Circuit Judges.

*SUMMARY ORDER*

Petitioner Ping Gui Chen, a native and citizen of the People's Republic of China, seeks review of the February 24, 2009

order of the BIA denying his motion to reopen. *In re Ping Gui Chen,* No. A 078 745 541 (B.I.A. Feb. 24, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, the BIA did not abuse its discretion in denying Chen's motion to reopen as time barred. The regulations permit an alien to file one motion to reopen and require that it be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). It is undisputed that Chen's motion to reopen was untimely. However, the time limits do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are typically referred to as "changed country conditions" and distinguished from "changed personal circumstances." *See, e.g., Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003).

The BIA reasonably found that Chen's decision to practice Falun Gong in the U.S. was a changed personal circumstance, not a changed country condition. *See id.* And we find no merit in Chen's argument that the BIA erred in declining to credit an unauthenticated, unsigned notice from the Kuiqi Village Committee stating that he would be persecuted on account of his Falun Gong activities in the U.S. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007). Contrary to Chen's argument, it was not improper for the BIA

to view with suspicion Chen's motion to reopen, and the evidence submitted therein, given its prior adverse credibility determination. *See id.*; *Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151 (2d Cir. 2006).

We conclude that, the BIA did not err in denying Chen's untimely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in connection with this petition is DISMISSED as moot.